59 F.3d 174
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eileen A. CRONYN, Plaintiff-Appellant,
v.
CIGNA EMPLOYEE BENEFITS, Health Plan Corporation, and Does 1
through 10, inclusive, Defendants-Appellees.
 No. 93-56583.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 3, 1995.
Decided June 19, 1995.
 
 Before: McKay,* REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ms. Cronyn appeals the decision of the district court granting summary judgment in favor of the defendants in her sexual harassment and discrimination suit. The district court, without ruling on the merits, found that the suit was barred by the one-year statue of limitation set forth in California Government Code Sec. 12960. This provision requires that an aggrieved employee file an administrative charge within one year from the date of the last act of discrimination, or "unlawful practice." It is not disputed that this provision is controlling and that the one-year limitations period applies. The only dispute relates to the district court's interpretation of the facts: specifically, the district court's determination of the date when the statute of limitations period began to run.
 
 FACTS
 
 3
 Ms. Cronyn was employed by Connecticut General ("CG") for several years. Ms. Cronyn alleges that she was subjected to sexual harassment and discrimination by several employees. She claims that she repeatedly brought this treatment to the attention of her superiors, but was never satisfied with their responses. Ms. Cronyn stopped coming to her office after January 28, 1991. By February 4, 1991, the company conveyed to her its response regarding her latest complaints. Dissatisfied with this response (or lack thereof, as she perceived it), Ms. Cronyn decided to resign. She tendered her resignation on March 7, effective either March 22 or 23 (the exact date is disputed but is not relevant to our inquiry). Despite her continued absence from the office, specific incidents of harassment allegedly continued to occur until March 18, 1991. On March 19, 1992, Ms. Cronyn filed a charge of discrimination with the California Department of Fair Employment and Housing ("DFEH").
 
 DISCUSSION
 
 4
 The question presented in this case is whether the complaint filed with the DFEH was timely. According to the district court, since the last specific incident occurred on March 18, 1991, the complaint should have been filed by March 18, 1992 -- one year later. Ms. Cronyn contends that the proper date to consider is March 22 or 23, 1991, the date upon which her resignation became effective, which would make her complaint timely.
 
 
 5
 Plaintiff's theory is that the discrimination caused her to resign and that it continued to occur up until the last day of her employment. She argues that the company's failure to remedy the harassment was itself discrimination and that the company had an affirmative duty to act to remedy the discrimination as long as she was in their employ, even if only on paper.
 
 
 6
 The district court rejected this argument, citing Delaware State College v. Ricks, 449 U.S. 250, 257 (1980), for the proposition that "[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." Ms. Cronyn's attempt to distinguish Ricks is unpersuasive. The district court determined that the limitations period begins to run when "the complainant knows or reasonably should know that the challenged act has occurred." McWilliams v. Escambia County Sch. Bd., 658 F.2d 326, 328 n.1 (5th Cir. 1981). This case has been widely followed and Ms. Cronyn has offered no authority to suggest that this standard is improper.
 
 
 7
 Ms. Cronyn admittedly became aware that the company was not going to rectify her situation in February 1991. Under Ms. Cronyn's theory, she could have continued to work indefinitely, and -- so long as the company took no further action, even if no further discrimination took place -- whatever date she chose to resign would commence the running of the limitations period. Plaintiff has adduced no support for this novel theory, nor have we have found any. Under her theory, on every day that she voluntarily remained on the job after learning that the employer was not going to address her concerns, her employer engaged in a continuing "unlawful practice" by taking no further action. We think the better rule is that the statute begins to run once the employee learns of the discriminatory action. If there are new acts of discrimination, the statute of limitations begins to run anew. Thus, in this case, each new act of discrimination -- up to March 18 -- extended the limitations period. However, if there are no new discriminatory actions, the mere continued failure to act will not toll the statute of limitations. Unfortunately for Ms. Cronyn, the unavoidable conclusion is that her complaint was a day late.
 
 
 8
 Ms. Cronyn attempted to remedy this defect by supplementing her complaint at the eleventh hour with evidence that she had continued to be subjected to discrimination after her employment relationship had terminated. Specifically, she claims that CG withheld her paycheck and informed her subsequent employer that it did not want to do business with Ms. Cronyn or with the company that employed her. The district court did not credit these allegations because they were not in the complaint and were not supported by her deposition testimony. Furthermore, her attempt to bring these allegations before the court did not comply with local rules of procedure. According to the district court, "[s]imply disputing her own earlier testimony is not enough to avoid summary judgment." Ms. Cronyn claims that her declaration did comport with the rules, but does not address the court's legal conclusion that her last minute declaration was inadequate to create a genuine issue of material fact. We see no reason to disturb this conclusion.
 
 
 9
 The grant of summary judgment is AFFIRMED.
 
 
 
 *
 Hon. Monroe G. McKay, Senior United States Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3